```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION
```

TRACY A. HARDY,            )
                           )
       Petitioner,         )
                           )    CAUSE NO. 3:16-CV-760 RL
       vs.                 )
                           )
SUPERINTENDENT,            )
                           )
       Respondent.         )

## OPINION AND ORDER

This matter is before the Court on: (1) the amended 28 U.S.C. § 2254 Habeas Corpus Petition by a Person in State Custody; and (2) Motion for Appointment of Counsel to Pursue Habeas Corpus Proceedings, both filed by Tracy A. Hardy, a *pro se* prisoner, on December 20, 2016. For the reasons set forth below, the Court:

(1) **DISMISSES WITHOUT PREJUDICE** the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) **DENIES** the petitioner a certificate of appealability; and

(3) **DENIES** the request for appointment of counsel.

BACKGROUND

In his petition, Hardy is challenging his 2015 drug conviction in Elkhart County. (DE 3.) According to the petition, Hardy was found guilty of three counts of dealing cocaine in Cause No. 20C01-1310-FA-56. (*Id.* at 1.) On May 14, 2015, he was sentenced to 41 years in prison. (*Id.*) He unsuccessfully pursued a direct appeal, and is currently pursuing state post-conviction relief.

(*Id.* at 1, 2.) On November 30, 2016, he tendered his amended federal petition to prison officials for mailing. (*Id.* at 5.) Giving the petition liberal construction, he alleges that the search warrant and affidavit in support of the search warrant used at his trial were fraudulent. (Id. at 3, 4.) It appears Hardy is pursuing these same claims in his pending state post-conviction proceedings. (DE 5.)

DISCUSSION

The Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. Hardy's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a federal court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, however, the court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas

> corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted). Here, it is clear from the petition and recently filed "Notice of Information" that Hardy is currently pursuing his claims in state post-conviction relief proceedings. Thus, he has not yet presented his claims in one complete round of state review, including with the Indiana Supreme Court. Until he does so, he cannot obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition is subject to dismissal.

The court should consider staying rather than dismissing a petition containing unexhausted claims when the one-year statute of limitations under AEDPA has run or is close to running, such that "dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). There is no such danger here. Hardy has one year from the date his conviction became final to pursue federal habeas relief, and the deadline will be tolled during the time he has a properly filed state post-conviction petition pending. *See* 28 U.S.C. § 2244(d)(1), (2). If he acts diligently, he should have no difficulty returning to federal court after he exhausts his state court remedies. Therefore, the petition will be dismissed, but the dismissal will be without

prejudice to his right to file a new petition after he exhausts his state court remedies.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where the court enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). When the court has dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, only one component needs to be addressed if it will resolve the issue. *Id.* at 485.

As explained above, Hardy has not yet exhausted his state court remedies, and so his petition must be dismissed. A dismissal

without prejudice for failure to exhaust state court remedies is not an appealable order, unless the petitioner would be time-barred or otherwise precluded from returning to federal court after exhausting his state court remedies. *Dolis*, 454 F.3d at 723; *Moore v. Mote*, 368 F.3d 754 (7th Cir. 2004). That issue is not presented here, and so the dismissal order would not be appealable. Aside from this procedural barrier, nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Hardy to proceed further without first exhausting his state court remedies.

As a final matter, Hardy has filed a motion for appointment of counsel. (DE 7.) However, because Hardy cannot proceed with his habeas petition until he has exhausted his state court remedies, there is no need to appoint counsel in this case.

CONCLUSION

For the reasons set forth above, the Court:

(1) **DISMISSES WITHOUT PREJUDICE** the amended petition (DE 3) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) **DENIES** the petitioner a certificate of appealability; and

(3) **DENIES** the request for appointment of counsel (DE 7).

DATED: January 4, 2017  /s/RUDY LOZANO, Judge
United States District Court